WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
RAYMOND E. PATRICCO, DISTRICT OF COLUMBIA STATE BAR NO. 454792
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERARDO VILLA-AVALOS, A/K/A GERARDO VILLA AVALOS, A/K/A GERARDO VILLA,<br><br>Defendant. | Case No. 16-cr-00107-S-EJL<br><br>**RULE 11 PLEA AGREEMENT**<br><br>**Expedited Plea and Sentencing** |

I.  GUILTY PLEA

   A.   **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant, Gerardo Villa-Avalos, a/k/a Gerardo Villa Avalos, a/k/a Gerardo Villa, the attorney for the defendant, and the Government[1] agree that the defendant will plead guilty to Count One of the Indictment, which charges the defendant with deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). This plea is voluntary and did not result from force, threats or promises, other than any promise made in this Plea Agreement.

   B.   **Acceptance.** Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this Agreement, the Government agrees to recommend a sentence of time served. Additionally, the defendant may be eligible for a departure under the District's approved Fast Track Program. The eligibility criteria are set forth in Section V(B)(2) of this Agreement. If the defendant meets all of the Fast Track criteria, including the filing of the required notice, then the Government, under Federal Rule of Criminal Procedure 11(c)(1)(B), agrees to recommend a four-level or two-level downward departure pursuant to USSG § 5K3.1.

   C.   **Oath.** The defendant will be placed under oath at the plea hearing. The Government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

   D.   **Expedited Presentence Procedure.** The Government and the defendant stipulate and agree to an expedited presentence report and sentencing schedule. The parties will jointly recommend a sentence of time served at sentencing. Therefore, the parties request that the court expedite the presentence report schedule and set the sentencing hearing at the earliest date permitted by the Court's schedule.

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

RULE 11 PLEA AGREEMENT - 2

II. WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant understands that by pleading guilty, waives the following rights: (1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; (2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; (3) the right to have the jury agree unanimously that the defendant was guilty of the offense; (4) the right, at trial, to confront and cross-examine adverse witnesses; (5) the right to present evidence and to compel the attendance of witnesses; and (6) the right not to testify or present evidence without having that held against the defendant. If the District Court accepts the defendant's guilty plea, there will be no trial.

III. NATURE OF THE CHARGES

**A.** <u>Elements of the Crime.</u> The elements of the crime of Deported Alien Found in the United States, as charged in Count One, are as follows:

1. First, the defendant is not a citizen of the United States;

2. Second, the defendant was lawfully deported from the United States on the date(s) charged in the Indictment; and

3. Third, the defendant reentered the United States without the consent of the Secretary of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE).

An alien is a person who is not a natural-born or naturalized citizen of the United States.

**B.** <u>Factual Basis.</u> If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt.

The defendant is a native and citizen of Mexico. The defendant was lawfully removed from the United States to Mexico at or near El Paso, Texas, on or about June 19, 2014. On or about an unknown date but prior to March 13, 2016, the defendant entered the United States illegally and without lawful authority at unknown location. The defendant was present in the United States in Canyon County, Idaho, on March 13, 2016, where the defendant was encountered by agents of DHS/ICE. The defendant did not obtain the express consent of the Secretary of DHS/ICE to reapply for admission to the United States prior to returning to the United States and being found in the District of Idaho on March 13, 2016.

IV. SENTENCING FACTORS

A. **Maximum Penalties.** A violation of 8 U.S.C.§ 1326(a) and (b), as charged in Count One, is punishable by a maximum term of imprisonment of 20 years, a maximum fine of $250,000, a term of supervised release of not more than three years, and a special assessment of $100.

B. **Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

C. **Fines and Costs.** The Court may impose a fine. No agreement exists as to the amount of the fine. The Court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

D. **Special Assessment.** If the defendant is ordered to pay a special assessment, then the defendant will pay the special assessment before sentencing and will furnish a receipt at sentencing. Payment will be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

If the defendant (1) has no assets to satisfy the special assessment, (2) is not sentenced to a fine, restitution or other monetary penalty, and (3) is not sentenced to any incarceration, then the Government, pursuant to 18 U.S.C. § 3573, will move for remission of the assessment at sentencing.

V. UNITED STATES SENTENCING GUIDELINES

A. **Application of Sentencing Guidelines.** The Court must consider the United States Sentencing Guidelines (USSG) in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to the Plea Agreement. The Plea Agreement does not bind the Court's determination of Sentencing Guidelines range. The Court will identify the factors that will determine the sentencing range under the Sentencing Guidelines. While the Court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the Court is not bound by this Agreement, the parties agree to the recommendations and requests set forth below.

B. **Sentencing Guidelines Recommendations and Requests.**

1.  **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

2.  **Fast Track Eligibility Criteria For a 4-Level Departure.** The defendant shall be eligible for the District's Fast Track/Early Disposition Program and the associated four-level downward departure only if the defendant meets all of the following criteria:

    a.  The defendant consented to detention and did not have a detention hearing, probable cause hearing, file a motion to suppress or any other substantive motion challenging the defendant's guilt, the defendant's custody or the evidence in this case;

    b.  The defendant has three or fewer prior deportations;

    c.  The defendant executed the instant Plea Agreement, making known defendant's intention to plead guilty within 30 days of arraignment;

    d.  The defendant has not previously participated in a fast-track program in any district;

e. The final version of the presentence report computes the defendant's Criminal History Category as III or less and no objections remain pending by either party to said computation or to the Offense Level calculated in the final presentence report;

f. The defendant's Criminal History does not include a prior crime of violence, or a controlled substance offense, as defined by section 4B1.2 of the United States Sentencing Guidelines Manual; and

g. No later than seven days after issuance of the initial presentence report, the defendant provides written notice to the assigned Assistant United States Attorney that the defendant meets these criteria for the Fast Track Program, and will recommend and advocate for a sentence within the Guidelines range that would result from the range suggested by the final presentence report combined with a § 5K3.1 Early Disposition Program/Fast Track Motion for Downward Departure of four levels.

3. **Fast Track Eligibility Criteria For a 2-Level Departure.** The defendant shall be eligible for the District's Fast Track/Early Disposition Program and the associated two-level downward departure only if the defendant meets all of the following criteria:

a. The defendant consented to detention and did not have a detention hearing, probable cause hearing, file a motion to suppress or any other substantive motion challenging guilt, custody or the evidence in this case;

b. The defendant has three or fewer prior deportations;

c. The defendant executed the instant Plea Agreement, making known defendant's intention to plead guilty within 30 days of arraignment;

d. The defendant has not previously participated in a fast-track program in any district;

e. Either;

i. The defendant's Criminal History includes a prior crime of violence, or a controlled substances offense, as defined by section 4B1.2 of the United States Sentencing Guidelines Manual, and the final version of the presentence report computes the defendant's Criminal History Category as III or less and no objections remain pending by either party to said computation or to the Offense Level calculated in the final presentence report; or

ii. The defendant's Criminal History Category is IV or V, and the defendant's Criminal History does not include a prior crime of violence, or a controlled substances offense, as defined by section 4B1.2 of the United States Sentencing Guidelines Manual;

f. No later than seven days after issuance of the initial presentence report, the defendant provides written notice to the assigned Assistant United States Attorney that the defendant meets these Criteria for the Fast Track Program, and will recommend and advocate for a sentence within the Guidelines range that would result from the range suggested by the final presentence report combined with a § 5K3.1 Early Disposition Program/Fast Track Motion for Downward Departure of two levels.

4. **Government's Agreement if Defendant Meets Fast Track Criteria.** Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and USSG § 5K3.1 (Early Disposition Program), if the defendant meets all of the above Fast Track criteria, the Government agrees to recommend a downward departure of either two or four levels, as described above, from the Sentencing Guidelines range that the Court finds to be applicable.

5. **Downward Departure or Variance Request by Defendant.** If the defendant filed the above-described notice of eligibility for and acceptance of the Fast Track Program, the defendant agrees not to file any Motion for Downward Departure or Variance from the Guidelines. If the defendant is not participating in the Fast Track Program, then the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and the defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

VI. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A. In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence.

The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this Agreement and will allow the Government to withdraw from the Agreement and take other remedial action.

If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.

B. Exceptions:

1. **Direct Appeal:** Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

    a. the sentence imposed by the District Court exceeds the statutory maximum;

RULE 11 PLEA AGREEMENT - 9

        b.      the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or

        c.      the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

The defendant understands that the above circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights.

    2.    **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States Probation Office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this Agreement and relieves the Government of its obligations in this Agreement. Such failure and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## VIII. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions.

## IX. CONSEQUENCES OF VIOLATING AGREEMENT

    A.    **Government's Options.** If the defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation to do the

following: 1) make a sentencing recommendation consistent with the terms promised in this Agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this Plea Agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed that the defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this Agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the Plea Agreement in its entirety.

The Government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this Agreement.

B.  **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this Agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this Agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this Agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this Agreement.

Furthermore, if the defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

X.  MISCELLANEOUS

RULE 11 PLEA AGREEMENT - 11

A. **No Other Terms.** This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho. The Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this Plea Agreement no later than 5:00 p.m. on June 14, 2016.

## XI. UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. This Agreement constitutes a formal plea offer from the Government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

_____        6/7/16
RAYMOND E. PATRICCO                    Date
Assistant United States Attorney


XII.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read [have had read to me by _Martha Haga_, an interpreter] and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this Agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my counsel with the Government about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea. I am satisfied with my attorney's advice and representation in this case.


_Gerardo Villa_                              June 7, 2016
Gerardo Villa-Avalos, a/k/a Gerardo Villa Avalos    Date
a/k/a Gerardo Villa
Defendant


RULE 11 PLEA AGREEMENT - 13

I have read this Plea Agreement and have discussed the contents of the Agreement with my client [through the above-named interpreter]. The Plea Agreement accurately sets forth the entirety of the Agreement. I have conveyed all written offers from the Government to the defendant pursuant to *Missouri v. Frye*, 2012 WL 932020 (U.S. March 21, 2012). I understand that this Agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my client with the Government about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. I concur in my client's decision to plead guilty as set forth above.

_____  
Melissa Winberg  
Attorney for the Defendant

June 7, 2016  
Date